UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITE HERE RETIREMENT FUND and TRUSTEES OF THE UNITE HERE RETIREMENT FUND<br>　　　　　　　Plaintiffs,<br>　　v.<br>P.D. 33rd Street Corp. d/b/a Blarney Rock Pub<br>　　and<br>DOES ONE THROUGH TEN,<br>　　　　　　　Defendants. | CIVIL ACTION<br><br>No. 19-03855<br><br>**COMPLAINT** |

The Trustees and Fiduciaries ("Trustees") for and on behalf of the UNITE HERE Retirement Fund (the "Fund") for their Complaint complaining of Defendant P.D. 33rd St. Corp. d/b/a Blarney Rock Pub and John Does 1-10 (all other trades or businesses under common control with P.D. 33rd St. Corp.) herein respectfully allege as follows:

## JURISDICTION

1. This is an action to recover withdrawal liability pursuant to the Employee Retirement Income Security Act of 1974, as amended by the Multiemployer Pension Plan Amendments Act of 1980, 29 U.S.C. §1001-1461 ("ERISA") §502(a)(3)(B), (d)(1), (f) and (g)(2), §515 and §4301(a)(1), (b) and (c) of ERISA, 29 U.S.C. §1132 (a)(3)(B), (d)(1), (f) and (g)(2), §1145 and §1451(a)(1), (b) and (c), respectively.

## VENUE

2. This Court is one of proper venue pursuant to ERISA §§502(e)(2) & 4301(d), 29 U.S.C. §§1132(e)(2) & 1451(d), because the Fund is administered in this district of New York.

## PARTIES

3. The UNITE HERE Retirement Fund ("Fund") is established and maintains a plan (the "Legacy Plan") to provide retirement income to employees for whom contributions are made by employers. As such, it is an "employee pension benefit plan," within the meaning of Section 3(2) of ERISA, 29 U.S.C. § 1002(2). The Legacy Plan is maintained pursuant to one or more collective bargaining agreements between employee organizations and various employers, which require such employers to contribute to the Fund. As such, the Fund is a "multiemployer plan," within the meaning of Section 3(37) of ERISA, 29 U.S.C. § 1002(37).

4. Plaintiffs Trustees of the Fund are members of a Board of Trustees composed of an equal number of employer and employee representatives, as required by Section 302(c)(5) of the Labor Management Relations Act of 1947, as amended, 29 U.S.C. § 186(c)(B) ("Trustees of the Fund"). The Board of Trustees administers the Fund and is the "plan sponsor" with respect to the Legacy Plan pursuant to Section 3(16)(B)(iii) of ERISA, 29 U.S.C. § 1002(16)(B)(iii).

5. Plaintiffs Trustees of the Fund exercise discretionary authority, control, and responsibility with respect to management and administration of the Fund and the Legacy Plan and the disposition of Fund assets. As such, Plaintiffs Trustees are fiduciaries with respect to the Legacy Plan and the Fund, within the meaning of Section 3(21) of ERISA, 29 U.S.C. § 1002(21).

6. At all times relevant hereto, Defendant P.D. 33rd Street Corp. d/b/a The Blarney Rock Pub ("Employer") was and is an employer in an industry affecting commerce within the meaning of Section 3(5), (11) and (12) of ERISA, 29 U.S.C. §§1102(5), (11) and (12).

7. Upon information and belief, Does 1 through 10 (whose names plaintiffs are unable to determine at this time) are employers related to Defendant Employer within the meaning of

2

Subsections (b), (c), (m), (n) or (o) of Section 414 of the IRC, 26 U.S.C. §414(b), (c), (m), (n) or (o).

## BACKGROUND

8. Defendant Employer operated a restaurant and tavern that employed members of UNITE HERE Local 100.

9. The terms and conditions of employment for employees at the tavern were governed by a series of collective bargaining agreements between the Employer and UNITE HERE, Local 100 ("Union"). Under the collective bargaining agreement, the Employer was obligated it to make certain contributions to the Plaintiff Fund. A true and correct copy of the most recent collective bargaining agreement is attached hereto as Exhibit A.

## COUNT I
## WITHDRAWAL LIABILITY

10. Plaintiffs repeat and reallege the allegations contained in paragraphs 1 through 9.

11. In or around December 2018, the Defendant Employer permanently making contributions to the Fund. Pursuant to ERISA §4203(a), 29 U.S.C. §1383(a), such permanent cessation of all contributions to the Fund constitutes a "complete withdrawal" from the Fund.

12. Pursuant to ERISA §4201, 29 U.S.C. §1381, Defendant Employer is obligated to pay withdrawal liability to the Fund for its proportionate share of the Fund's unfunded vested benefits. In accordance with ERISA §4211, 29 U.S.C. §1391, and the applicable provisions of the Trust Agreement, the Fund calculated the Employer's withdrawal liability to be $893,412.00.

13. By letter dated January 3, 2019, in accordance with ERISA §4219(b)(1), 29 U.S.C. §1399(b)(1), the Fund sent the Employer a written demand for payment of its withdrawal liability

and informed the Employer that it could amortize payments in eighty (80) consecutive quarterly installments of $7,613.07 each. The letter further explained that payment of the entire withdrawal liability or the first quarterly payment would be due on February 1, 2019. A true and correct copy of the January 3, 2019 letter is attached hereto as Exhibit B.

14. Defendant Employer did not pay any withdrawal liability by the February 1, 2019 deadline.

15. Defendant Employer did not request arbitration by the February 1, 2019 deadline.

16. By failing to make its quarterly withdrawal liability payments, Defendant Employer defaulted on its withdrawal liability obligations to the Fund under the provisions of ERISA §4219(c)(5)(A), 29 U.S.C. §1399(c)(5)(A). The entire outstanding balance of withdrawal liability ($893,412.00) is therefore due and owing pursuant to ERISA §4219(c)(5), 29 U.S.C. §1399(c)(5) and ERISA §515, 29 U.S.C. §1145.

17. Pursuant to ERISA §§502(g)(2)(B) and 4301(b), 29 U.S.C. §§1132(g)(2)(B) and 1451(b) and 29 C.F.R. §419.32, the Fund is entitled to receive interest on delinquent withdrawal liability payments.

18. In accordance with ERISA §§502(g)(2)(C)-(D) and 29 U.S.C. §§1132(g)(2)(C)-(D) and 1451(b), the Employer is obligated to pay the greater of liquidated damages of twenty (20%) percent of the unpaid amount due and owing, or the amount of interest awarded, plus costs and attorneys' fees.

19. Defendants Does One through Ten, as alter-egos and/or related employers to Defendant Employer, per Section 414(b), (c), (m), (n), or (o) of the IRC, are jointly and severally

4

liable to pay the outstanding balance of Defendant Employer's withdrawal liability, plus interest, liquidated damages, attorneys' fees and costs pursuant to 29 U.S.C. §1398.

**COUNT II**
**AS AND FOR A SECOND CLAIM AGAINST DEFENDANTS**
**JOHN DOES 1-10 (ALL OTHER TRADES OR BUSINESSES UNDER**
**COMMON CONTROL WITH DEFENDANT BBC PH KINZIE)**

20. Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 19 of this Complaint with the same force and effect as if set forth at length herein.

21. Upon information and belief, at all times relevant herein, Defendant P.D. 33rd Street Corp. d/b/a/ The Blarney Rock and Defendants John Does 1-10 are, and at all relevant times were, trades or businesses under common control, within the meaning of Section 4001(b)(l) of ERISA, 29 U.S.C. § 1301 (b)(l), Section 414 of the Internal Revenue Code of 1986, as amended, and regulations published thereunder.

22. Pursuant to Section 4001(b) of ERISA, 29 U.S.C. § 1301(b)(l), as trades or businesses under common control, Defendant P.D. Corp. d/b/a/ The Blarney Rock and Defendants John Does 1-10 are treated as a single employer for all purposes under Title IV of ERISA, including withdrawal liability. For the foregoing reason, Defendants John Does 1-10 are jointly and severally liable for the total amount of the withdrawal liability, interest, liquidated damages, and attorneys' fees and costs referenced in in paragraphs 11 through 19.

23. Plaintiffs are entitled to collect interest on the total amount of outstanding withdrawal liability from Defendants John Does 1-10 calculated pursuant to Section 502(g) of ERISA, 29 U.S.C. § 1132(g) and the Fund's rules and regulations.

24. Plaintiffs are entitled to collect liquidated damages, attorneys' fees and costs from

Defendants John Does 1-10 calculated pursuant to Section 502(g) of ERISA, 29 U.S.C. § 1132(g) and the Fund's rules and regulations.

### COUNT III
### AS AND FOR A THIRD CLAIM
### AGAINST ALL DEFENDANTS

25. Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 24 of this Complaint with the same force and effect as if set forth at length herein.

26. Unless Defendants are restrained and enjoined from distributing, alienating, transferring, assigning, encumbering or otherwise disposing of their assets, Defendants will have no assets with which to meet their obligation to the Fund thereby causing the Fund and its pension participants and beneficiaries immediate and irreparable loss, damage, and injury for which the Fund will have no adequate remedy of law.

27. The Fund will be subjected to irreparable hardship and injury in the event that Defendants are not immediately restrained and enjoined and the status quo maintained during the pendency of this action.

WHEREFORE, Plaintiffs Trustees and Fund ask that the Court:

    (a) Enter judgment in favor of the Plaintiff Fund and against the Defendant Employer, and Does One through Ten, jointly and severally, for unpaid withdrawal liability in the amount of $893,412.00, pursuant to ERISA §4219(c)(5), 29 U.S.C. §1399(c)(5), and ERISA §515, 29 U.S.C. §1145;

    (b) Enter judgment in favor of the Plaintiff Fund and against the Defendant Employer and Does One through Ten, jointly and severally, for interest on

6

|     | |
| --- | --- |
|     | the balance of its unpaid withdrawal liability pursuant to 29 U.S.C. §§1132(g)(2)(B), 1399(c)(6) and 1451(b), 29 C.F.R. §4219.32, and the provisions of the Trust; |
| (c) | Enter judgment in favor of the Plaintiff Fund and against the Defendant Employer and Does One through Ten, jointly and severally, for liquidated damages equal to the greater of (i) $178,682.20, representing twenty (20%) percent of its outstanding withdrawal liability, or (ii) an amount equal to the amount awarded as interest in paragraph (b) above, pursuant to 29 U.S.C. §§1451(b) and 1132(g)(2)(C); |
| (d) | Enter judgment in favor of the Plaintiff Fund and against the Defendants Employer and Does One through Ten, jointly and severally, for reasonable attorneys' fees and costs, pursuant to 29 U.S.C. §§1451(b) and 1132(g)(2)(D), in an amount to be determined by the court upon subsequent application by the Plaintiffs; |
| (e) | Directing Defendants and all of their respective officers, employees, agents, representatives, and all persons acting in concert with Defendants be restrained and enjoined from distributing, alienating, transferring, assigning, encumbering or otherwise disposing of Defendants' assets, regardless of the amounts, if any, or the nature of the consideration received therefore, during the pendency of this action and permanently; and |

  (f)  Grant any other further relief the Court finds just and proper.

            CLEARY, JOSEM & TRIGIANI, LLP

         BY: */s/ William T. Josem*
            WILLIAM T. JOSEM, ESQUIRE
            REGINA C. HERTZIG, ESQUIRE
            Constitution Place
            325 Chestnut Street, Suite 200
            Philadelphia, PA 19106
            (215) 735-9099

Date: April 30, 2019